UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PATTI GRIDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-cv-2225 |
| DONALD R. PARKINSON, | ) ) ) |
| Defendant. | ) ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendant's Motion to Dismiss for lack of subject-matter jurisdiction (Doc. 6). Also before the Court is Defendant's Motion to Strike Plaintiff's response (Doc. 9). For the reasons stated below, Defendant's Motion to Strike is granted, and Defendant's Motion to Dismiss is denied.

### MOTION TO STRIKE

Defendant's Motion to Dismiss was filed on October 19, 2012. (Doc. 6). Pursuant to Local Rule 7.1, a response to a motion is due fourteen days after service of the motion. CDIL–LR 7.1(B)(2). Thus, as noted in the docket text for the Motion to Dismiss, Plaintiff's response to Defendant's Motion to Dismiss was due November 5, 2012. Plaintiff failed to file a response until December 7, 2012, over a month past the deadline. This response was not accompanied by an explanation of why her filing was so belated. Defendant then filed a Motion to Strike the response for its extreme untimeliness.

The Court finds Plaintiff's delay in filing her response reprehensible and unexcused. Attorneys admitted to practice before this Court attest that they are familiar with the local rules. Thus, Plaintiff's counsel's assertion that he did not know there was a deadline due to unfamiliarity with local rules and electronic filing notices does not excuse his behavior. Deadlines are too important to be overlooked. Because of this egregious untimeliness, Plaintiff's response will be stricken.

It would be within this Court's power to summarily grant Defendant's Motion to Dismiss based on Plaintiff's failure to file a response in opposition within the required time. CDIL–LR 7.1(B)(2) ("If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties."). However, the Court finds it would be unfair to hold the failure of Plaintiff's counsel against Plaintiff herself, particularly because Defendant's Motion to Dismiss is so clearly without merit. Thus, the Court will consider Defendant's Motion to Dismiss for lack of subject-matter jurisdiction on the merits, though without consideration of Plaintiff's stricken response.

## MOTION TO DISMISS STANDARD

When a district court lacks subject-matter jurisdiction, the case must be dismissed. Lack of subject-matter jurisdiction may be raised by a defendant in a motion to dismiss pursuant to Rule 12(b)(1). In ruling on such a motion, a court may look beyond the pleadings and consider submitted evidence to determine the existence of jurisdiction when it is not clear from the face of the complaint. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Well-pleaded factual

allegations in the complaint must be accepted as true and all reasonable inferences must be drawn in the plaintiff's favor. *Id.*

## BACKGROUND[1]

On August 24, 2012, Plaintiff Patti Grider filed a Complaint against Defendant Donald Parkinson, alleging violations of the Fair Debt Collection Practices Act (FDCPA). She alleges that Defendant, in his capacity as attorney for the University of Illinois Employees Credit Union ("Credit Union"), filed a case against Plaintiff in state court in an attempt to collect a debt she allegedly owed. Before being properly served with the complaint in the state case, Defendant sent a letter to Plaintiff's home, inviting her to set up a payment plan. This letter did not contain notice of the amount of debt or Plaintiff's rights under the FDCPA. Plaintiff responded with a letter disputing the debt and requesting verification, to which she received no response, despite Defendant's continued prosecution of the state case on the Credit Union's behalf. Plaintiff claims multiple violations of the FDCPA by Defendant: 1) failure to provide written notice required by 15 U.S.C. § 1692g(a), 2) violation of 15 U.S.C. § 1692g(b) by pursuing collection proceedings without verifying the debt in response to the written dispute, 3) false or misleading representations by claiming unreasonable attorney fees in violation of 15 U.S.C. § 1692e, and 4) the use of false or deceptive means to attempt to collect a debt in Defendant's initial letter to Plaintiff before service of the state complaint in violation of 15 U.S.C. § 1692e.

---

[1] In accordance with the motion to dismiss standard, unless otherwise noted, the facts are drawn from Plaintiff's Complaint and all reasonable inferences are drawn in her favor.

## DISCUSSION

Defendant's Motion to Dismiss rests solely on his assertion that this Court lacks subject-matter jurisdiction because of the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims 'inextricably intertwined' with state court determinations." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). The doctrine comes from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). If a state court judgment itself is the cause of the injury, the *Rooker-Feldman* doctrine prevents jurisdiction. *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996). Federal district courts lack jurisdiction over these claims because the only federal court that can review a state court judgment is the United States Supreme Court. *Remer*, 205 F.3d at 996.

To determine whether a claim is barred by the doctrine, the key inquiry is whether the plaintiff seeks to have the state court judgment set aside. *Ritter v. Ross*, 992 F.2d 750, 754 (1993); *see also Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments *rendered before the district court proceedings commenced* and inviting district court review and rejection of those judgments" (emphasis added)). *Rooker-Feldman* is "inapplicable when the plaintiff is not attacking a state court judgment." *Jones v. Brennan*, 465 F.3d 304, 305 (7th Cir. 2006).

Here, Defendant states that there has not been a judgment by the state court, yet maintains that the *Rooker-Feldman* doctrine bars this Court from hearing the present case. He argues that the Court lacks subject-matter jurisdiction because Plaintiff's third claim, for FDCPA violations stemming from Defendant allegedly "claiming an unreasonable amount of attorney's fees," is related to an issue that may eventually be decided in state court, specifically whether the attorney fees requested are reasonable. As *Exxon Mobile* made abundantly clear, *Rooker-Feldman* only applies to federal cases filed after state court proceedings are complete. 544 U.S. at 291-92. Thus, because the state proceedings are ongoing, the *Rooker-Feldman* doctrine has no applicability.

## Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Strike (Doc. 9) is GRANTED. Plaintiff's Response to Motion to Dismiss (Doc. 8) is STRICKEN. Defendant's Motion to Dismiss for lack of subject-matter jurisdiction (Doc. 6) is DENIED. This matter is REFERRED to Magistrate Judge Gorman for further pretrial proceedings.

Entered this 6th day of February, 2013.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                        United States Senior District Judge